**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy                    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Centric Brands Inc.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **f/k/a Differential Brands Group Inc.**<br>**f/k/a Joe's Jeans Inc.**<br>**f/k/a Innovo Group Inc.** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **11-2928178** |

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **350 Fifth Avenue**<br>**New York, NY 10018**<br>Number, Street, City, State & ZIP Code | <br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| **New York**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.centricbrands.com** |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Centric Brands Inc.** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

---

**7. Describe debtor's business**

*A. Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

*B. Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__4243__

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☑ Yes.

| Debtor | **SEE ATTACHED RIDER 1** | | Relationship | |
|---|---|---|---|---|
| District | | When | | Case number, if known | |

---

Debtor    **Centric Brands Inc.**                                      Case number (*if known*) _____
              Name

---

**11. Why is the case filed in this district?**    Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
                                    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency    _____
              Contact name       _____
              Phone                 _____

---

███ **Statistical and administrative information**

**13. Debtor's estimation of available funds**    Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☑ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☑ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☑ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor   **Centric Brands Inc.**                                      Case number (*if known*) _____
_____
Name

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **May 17, 2020**
              MM / DD / YYYY

**X** **/s/ Anurup Pruthi**                                 **Anurup Pruthi**
Signature of authorized representative of debtor            Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**

**X** **/s/ Gregg M. Galardi**                 Date   **May 17, 2020**
Signature of attorney for debtor                      MM / DD / YYYY

**Gregg M. Galardi**
Printed name

**ROPES & GRAY LLP**
Firm name

**1211 Avenue of the Americas**
**New York, NY 10036**
Number, Street, City, State & ZIP Code

Contact phone   **(212) 596-9000**     Email address   **gregg.galardi@ropesgray.com**

**4535506 NY**
Bar number and State

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

       On the date hereof, each of the entities below (collectively, the "Debtors") filed a Petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Centric Brands Inc.

- Centric Brands Inc.
- Added Extras LLC
- American Marketing Enterprises Inc.
- Briefly Stated Holdings, Inc.
- Briefly Stated Inc.
- Centric Accessories Group LLC
- Centric Beauty LLC
- Centric Bebe LLC
- Centric Brands Holding LLC
- Centric Denim Retail LLC
- Centric Denim USA, LLC
- Centric Jewelry Inc.
- Centric Socks LLC
- Centric West LLC
- Centric-BCBG LLC
- Centric-BCBG Retail LLC
- DBG Holdings Subsidiary Inc.
- DBG Subsidiary Inc.
- DFBG Swims, LLC
- F&T Apparel LLC
- HC Acquisition Holdings, Inc.
- Hudson Clothing Holdings, Inc.
- Hudson Clothing, LLC
- Innovo West Sales, Inc.
- KHQ Athletics LLC
- KHQ Investment LLC
- Lotta Luv Beauty LLC
- Marco Brunelli IP, LLC
- RG Parent LLC
- RGH Group LLC
- Robert Graham Designs, LLC
- Robert Graham Holdings, LLC
- Robert Graham Retail LLC
- Rosetti Handbags and Accessories, Ltd
- VZI Investment Corp.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    Centric Brands Inc.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 20-[_____] ([___]) |

### ATTACHMENT TO VOLUNTARY PETITION FOR
### NON-INDIVIDUALS FILING FOR BANKRUPTCY UNDER CHAPTER 11

1.      If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 005-41664.

2.      The following financial data is the latest available information and refers to the debtor's condition on March 31, 2020 (unaudited), except as set forth below.

|   |   |   |
|---|---|---|
| a. | Total assets: | $1,855,722,808 |
| b. | Total debts (including debts listed in 2.c, below) | $2,014,385,923 |
| c. | Debt securities held by more than 500 holders: | N/A |
| d. | Number of shares of preferred stock: | 0 |
| e. | Number of shares of common stock: | 60,603,894<br>(as of March 31, 2020). |
| f. | Comments, if any: | N/A |

3.      Brief description of Debtor's business: The Company designs, produces, merchandises, manages and markets kidswear, accessories, and men's and women's apparel under owned, licensed and private label brands.

4.      List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: Cede & Co, GSO Capital Opportunities Fund III LP, GSO CST III Holdco LP, BTO Legend Holdings (Cayman)-NQLP, TCP Denim, LLC, Tengram Capital Partners Fund II, L.P., Jason Rabin, Ares Capital Corporation.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Centric Brands Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-[_____] ([____]) |

**<u>CORPORATE OWNERSHIP STATEMENT</u>**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Cede & Co | 23.259 % |
| GSO Capital Opportunities Fund III LP | 15.441 % |
| GSO CST III Holdco LP | 13.711 % |
| BTO Legend Holdings (Cayman)- N Q L P | 12.284 % |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

      Centric Brands Inc.,

         Debtor.

Chapter 11

Case No. 20-[_____] ([____])

## LIST OF EQUITY HOLDERS

       The following is a list of debtor Centric Brands Inc.'s significant equity holders. This list has been prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Cede & Co | P.O. Box 20<br>Bowling Green Station<br>New York, NY 10274 | 23.259 % |
| GSO Capital Opportunities Fund III LP | 345 Park Avenue<br>31st Floor<br>New York, NY 10154-0004 | 15.441 % |
| GSO CST III Holdco LP | 345 Park Avenue<br>31st Floor<br>New York, NY 10154-0004 | 13.711 % |
| BTO Legend Holdings (Cayman)-N Q L P | 345 Park Avenue<br>31st Floor<br>New York, NY 10154-0004 | 12.284 % |
| TCP Denim, LLC | 1 State Street<br>New York, NY 10004-1561 | 9.656 % |
| Tengram Capital Partners Fund II, L.P. | 1 State Street<br>New York, NY 10004-1561 | 8.169 % |
| Jason Rabin | 1 State St<br>New York, NY 10004-1561 | 5.156 % |
| Ares Capital Corporation | 245 Park Avenue<br>44th Floor<br>New York, NY 10167 | 5.078 % |

<table>
<tr><td colspan="3">

**Fill in this information to identify the case:**

Debtor Name:  <u>Centric Brands Inc., *et al.*</u>

United States Bankruptcy Court for the:  <u>Southern District of New York</u>

Case number (if known):  _____

</td></tr>
</table>

☐ Check if this is an amended filing

**Official Form 204**

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**          **12/15**

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim[1] If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | PETER KIM ADDRESS ON FILE | PETER KIM PHONE AND EMAIL ON FILE | Convertible Note | | | | $9,794,774.00 |
| 2 | PRODUCT DEVELOPMENT PARTNERS LIMITED JASON KRA 1/F HONG KONG SPINNERS INDUSTRIAL BUILDING, PHASES I & II, 800 CHEUNG SHA WAN ROAD LAI CHI KOK HONG KONG | PRODUCT DEVELOPMENT PARTNERS LIMITED JASON KRA PHONE: 6469438510 EMAIL: jasonkra@frcny.net | Trade Payable | | | | $9,534,881.00 |
| 3 | CAITE INTERNATIONAL LIMITED ATTN: PRESIDENT OR GENERAL COUNSEL RM.204, NO.47, SEC.3, CHUNG SHAN N.RD. TAIPEI, TPE 10461 TAIWAN | CAITE INTERNATIONAL LIMITED ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 225961551 FAX: 225961580 EMAIL: chao@caiteintl.com | Trade Payable | | | | $9,112,955.00 |
| 4 | JIANGSU GUOTAI GUOSHENG CO., LTD ATTN: PRESIDENT OR GENERAL COUNSEL BLOCK A, GUOTAI TIMES SQUARE, NO.65, RENMIN MIDDLE RD., YANGSHE TOWN ZHANGJIAGANG, JIANGSU, 215600 CHINA. | ATTN: PRESIDENT OR GENERAL COUNSEL JIANGSU GUOTAI GUOSHENG CO., LTD. PHONE: +86-51258696705 | Trade Payable | | | | $9,078,243.00 |
| 5 | U.S. CUSTOMS AND BORDER PROTECTION SCOTT K. FALK 1300 PENNSYLVANIA AVE. NW WASHINGTON, DC 20229 | U.S. CUSTOMS AND BORDER PROTECTION SCOTT K. FALK PHONE: (202) 344-2940 EMAIL: cbpserviceintake@cbp.dhs.gov | Trade Payable | | | | $8,785,243.00 |

---

[1] The Debtors reserve all rights to contest or dispute the claims listed herein, including but not limited to the amounts of such claims.

| Debtor | Centric Brands Inc., _et al._ | | | | Case number (if known) _____ |
|---|---|---|---|---|---|
| | Name | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim[1] If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 PORT LOGISTICS GROUP JEFF WOLPOV, CEO 288 MAYO AVE. CITY OF INDUSTRY, CA 91789 | PORT LOGISTICS GROUP JEFF WOLPOV, CEO PHONE: (201) 702-1500 FAX: (973) 249-7324 EMAIL: jwolpov@portlogisticsgroup.com | Trade Payable | | | | $6,906,854.00 |
| 7 SALESFORCE.COM, INC. ERIN SCHWAB 415 MISSION STREET, 3RD FLOOR SAN FRANCISCO, CA 94105 | SALESFORCE.COM, INC. ERIN SCHWAB PHONE: (610) 517-6401 EMAIL: eschwab@salesforce.com | Trade Payable | | | | $5,364,896.00 |
| 8 TAIEASY INTERNATIONAL CO., LTD ATTN: PRESIDENT OR GENERAL COUNSEL 12F, NO.1, JIHU ROAD TAIPEI, TPE 00114 TAIWAN | TAIEASY INTERNATIONAL CO., LTD ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 882929956 | Trade Payable | | | | $5,359,030.00 |
| 9 ANGEL GARMENT LTD ATTN: PRESIDENT OR GENERAL COUNSEL ROOM 905-907, 9/F, TOWER 1 KOWLOON, KLN HONG KONG | ANGEL GARMENT LTD ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 22511150 FAX: 23760580 EMAIL: ACCOUNTS@ANGELGARMENT.COM | Trade Payable | | | | $4,662,677.00 |
| 10 UNI-EASTERN SPORTSWEAR MFG, LTD. ATTN: PRESIDENT OR GENERAL COUNSEL 2F, NO. 16, LANE 35, JI-HU ROAD TAIPEI, TPE TAIWAN | UNI-EASTERN SPORTSWEAR MFG, LTD. ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 886-2-26599222 FAX: 886-2-26599197 EMAIL: uetaiwan@ms17.hinet.net | Trade Payable | | | | $4,381,529.00 |
| 11 FAST SKY HOLDINGS LIMITED ATTN: PRESIDENT OR GENERAL COUNSEL 430-436 NATHAN RD YAUMATEI HONGKONG | FAST SKY HOLDINGS LIMITED ATTN: PRESIDENT OR GENERAL COUNSEL EMAIL: shine@fastsky.com.cn | Trade Payable | | | | $4,379,068.00 |
| 12 JIANGSU GTIG EASTAR CO., LTD. ATTN: PRESIDENT OR GENERAL COUNSEL 23-29FL GUOTAI NEW CENTURY PLAZA ZHANGJIAGANG, 100 CHINA | JIANGSU GTIG EASTAR CO., LTD. ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 51258696053 FAX: 50258681458 | Trade Payable | | | | $4,280,926.00 |
| 13 SHINSUNG TONGSANG CO LTD ATTN: PRESIDENT OR GENERAL COUNSEL SHINSUNG BLDG. 84, SEOUL, 11 134822 KOREA | SHINSUNG TONGSANG CO LTD ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 50581814977 FAX: 264880155 EMAIL: hongsh@ssts.co.kr | Trade Payable | | | | $3,984,958.00 |
| 14 TEXPORT INDUSTRIES PRIVATE LIMITED ATTN: PRESIDENT OR GENERAL COUNSEL NO. 153, 3RD CROSS, 5TH MAIN BANGALORE, KA 560058 INDIA | TEXPORT INDUSTRIES PRIVATE LIMITED ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 8022894700 FAX: 8027630500 EMAIL: abhinavijayram@raymondindia.com | Trade Payable | | | | $3,760,525.00 |

| Debtor | Centric Brands Inc., _et al._ | | Case number (if known) _____ |
|---|---|---|---|
| | Name | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim[1] If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | PAUL CARDENAS ADDRESS ON FILE | PAUL CARDENAS PHONE AND EMAIL ON FILE | Convertible Note | | | | $3,767,224.00 |
| 16 | 1724982 ALBERTA ULC GABRIEL BITTON 400 SAUVE WEST MONTREAL, QC H3L 1Z8 CANADA | 1724982 ALBERTA ULC GABRIEL BITTON PHONE: (514) 388-3551 FAX: (514) 388-1972 EMAIL: gaby@buffalojeans.com | Licensor | | | | $3,667,263.00 |
| 17 | JIANGSU GUOTAI LITIAN ENTERPRISES ATTN: PRESIDENT OR GENERAL COUNSEL 15-23TH FLOOR, GUOTAI BUILDING, ZHANGJIAGANG, 100 215600 CHINA | JIANGSU GUOTAI LITIAN ENTERPRISES ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 51258696693 FAX: 51280170399 EMAIL: leon@gtigtex.com | Trade Payable | | | | $3,490,366.00 |
| 18 | FIREMAN CAPITAL CPF HUDSON CO-INVEST LP RUSSELL KAZOREK 800 SOUTH STREET SUITE 600 WALTHAM, MA 02453 | FIREMAN CAPITAL CPF HUDSON CO-INVEST LP RUSSELL KAZOREK PHONE: (617) 421-1724 EMAIL: russell.kazorek@firemancapital.com | Convertible Note | | | | $3,442,877.00 |
| 19 | PERFORMANCE TEAM, LLC CRAIG KAPLAN, FOUNDER PO BOX 514670, DEPT. 710034 LOS ANGELES, CA 90051-4670 | PERFORMANCE TEAM, LLC CRAIG KAPLAN, FOUNDER PHONE: (310) 702-1500 FAX: 5627412500 EMAIL: AR-REMITTANCE@PERFORMANCETEAM.NET | Trade Payable | | | | $3,183,744.00 |
| 20 | COSTURAS Y MANUFACTURAS DE TLAXCALA ATTN: PRESIDENT OR GENERAL COUNSEL AGUSTIN MELGAR NO.512 SAN LORENZO TEHUACAN 75855 MEXICO | COSTURAS Y MANUFACTURAS DE TLAXCALA ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 2223722000 FAX: 2222810102 | Trade Payable | | | | $3,134,513.00 |
| 21 | BCBG IP HOLDINGS LP MICHAEL NEUMAN 50 WEST 57TH STREET, 5TH FLOOR NEW YORK, NY 10019 | BCBG IP HOLDINGS LP MICHAEL NEUMAN PHONE: 646-494-8477 EMAIL: mneuman@marqueebrands.com | Licensor | | | | $3,002,270.00 |
| 22 | RAINBOW TEXTILES LLC ATTN: PRESIDENT OR GENERAL COUNSEL PLOTT 25 AL-DULAYL INDUSTRIAL PARK AMMAN 13136 JORDAN | RAINBOW TEXTILES LLC ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 53825801 FAX: 53825805 EMAIL: rainbow@go.com.jo | Trade Payable | | | | $2,884,956.00 |
| 23 | KAI NING LEATHER PRODUCTS CO., LTD ATTN: PRESIDENT OR GENERAL COUNSEL RM 2703 27/F BILLION PLZ 8 CHEUNG YUE ST. CHEUNG SHA WAN HONG KONG | KAI NING LEATHER PRODUCTS CO., LTD ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 0852-2264820 EMAIL: vincent_law@kainingltd.com | Trade Payable | | | | $2,865,586.00 |

| Debtor | Centric Brands Inc., _et al._ | Case number (if known) _____ |
|---|---|---|
| | Name | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim[1] If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24 | JIANGSU GUOTAI INTERNATIONAL GROUP GUOMA ATTN: PRESIDENT OR GENERAL COUNSEL 15-24F,GUOTAI TIMES PLAZA ZHANGJIAGANG, 100 215600 CHINA | JIANGSU GUOTAI INTERNATIONAL GROUP GUOMA ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 51258696089 FAX: 51258673963 EMAIL: jane@GTIGGM.COM | Trade Payable | | | | $2,664,483.00 |
| 25 | EBUFANG INT'L TRADING ATTN: PRESIDENT OR GENERAL COUNSEL NO. 2-16 FA YUEN STREET, 10/F MONGKOK, KLN HONG KONG | EBUFANG INT'L TRADING ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 57587758265 FAX: 57587757880 EMAIL: LEOWANG@EBUFANG.COM.HK | Trade Payable | | | | $2,616,753.00 |
| 26 | JIANGSU SAINTY HANDSOME CO LTD LI XIN/CIN LEE ROOM 207, BUILDING B, 21 SOFTWARE AVENUE NANJING, CHINA | JIANGSU SAINTY HANDSOME CO LTD XIN LEE/CIN LEE PHONE: 0086-25-52875193 FAX: 0086-25-52875482 EMAIL: lixin_sainty@vip.sina.com; cinlee@saintycorp.com | Trade Payable | | | | $2,425,891.00 |
| 27 | TRADE HARVEST INDUSTRIAL LIMITED ATTN: PRESIDENT OR GENERAL COUNSEL ROOM 7, 10/F., PREMIER CENTRE KOWLOON, KLN HONG KONG | TRADE HARVEST INDUSTRIAL LIMITED ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 27431083 FAX: 27448311 EMAIL: CLIMAS@HANGLUEN.COM.HK | Trade Payable | | | | $2,315,705.00 |
| 28 | JP GLOBAL IMPORT INC ATTN: PRESIDENT OR GENERAL COUNSEL 13 WEST 36TH STREET,  STE #300 NEW YORK, NY 10018 | JP GLOBAL IMPORT INC ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: (212) 760-2500 FAX: 2127602501 EMAIL: DYOO@KTGROUPINC.COM | Trade Payable | | | | $2,281,986.00 |
| 29 | XPO LOGISTICS SUPPLY CHAIN, INC. ERIK CALDWELL, COO 29559 NETWORK PLACE CHICAGO, IL 60673-1559 | XPO LOGISTICS SUPPLY CHAIN, INC. ERIK CALDWELL, COO PHONE: (513) 309-7807 FAX: 8888903874 EMAIL: erik.caldwell@xpo.com | Trade Payable | | | | $2,250,343.00 |
| 30 | XYNERGY INTERNATIONAL CO.,LTD. ATTN: PRESIDENT OR GENERAL COUNSEL CHEUNG YEE STREET LAI CHI KOK 4B 2-2F, SUN CHEONG INDUSTRIAL BUILDING HONG KONG | XYNERGY INTERNATIONAL CO.,LTD. ATTN: PRESIDENT OR GENERAL COUNSEL EMAIL: gary.ho@xynergy.com.hk | Trade Payable | | | | $2,009,463.00 |

**Fill in this information to identify the case:**

Debtor name    **Centric Brands Inc.**
_____

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK
_____

Case number (if known)    _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    **Corporate Ownership Statement; List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **May 17, 2020**
_____

X **/s/ Anurup Pruthi**
_____
Signature of individual signing on behalf of debtor

**Anurup Pruthi**
_____
Printed name

**Chief Financial Officer**
_____
Position or relationship to debtor

---

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

**RESOLUTIONS OF
THE BOARD OF DIRECTORS
OF CENTRIC BRANDS INC.**

May 17, 2020

The board of directors (the "Board"), of Centric Brands Inc., a Delaware corporation (the "Company"), hereby takes the following actions and adopts the following resolutions pursuant to the laws of the State of Delaware:

## CHAPTER 11 FILING

**WHEREAS**, on March 30, 2020, pursuant to Section 141(c) of the Delaware General Corporation Law and Section 5.1 of the Company's bylaws, the Board established a Special Committee (the "Special Committee") to assist the Board in addressing issues related to the financial restructuring of the Company, including, but not limited to, filing for bankruptcy under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and implementing all related actions in connection thereto; and

**WHEREAS**, the Board has considered presentations by the Company's management (the "Management") and its financial, restructuring, and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business; and

**WHEREAS**, the Special Committee, following consultation with the Management and Advisors unanimously approved the entry into, and performance under the transactions relating to the matters contemplated by the following resolutions; and

**WHEREAS**, the Board has had the opportunity to consult with the Special Committee and fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board has determined in an exercise of its business judgment that it is in the best interest of the Company to undertake the restructuring transactions set forth in the Restructuring Support Agreement (as defined below), and to take such other actions with respect thereto as shall be authorized in the following resolutions.

**NOW, THEREFORE, BE IT RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized, empowered, and directed to file or cause to be filed voluntary petitions for relief (collectively, the "Chapter 11 Cases") under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, or another court of proper jurisdiction (the "Bankruptcy Court");

**RESOLVED**, that the Chief Executive Officer, Chief Financial Officer, Chief Restructuring Officer, Treasurer, Vice President, Secretary, or any other duly-appointed officer of the Company

(collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's business; and be it further

**RESOLVED**, that the Board hereby authorizes and instructs the governing bodies of each of the Company's subsidiaries listed on Exhibit A attached hereto to adopt substantially similar resolutions to the resolutions set forth above.

## RESTRUCTURING SUPPORT AGREEMENT

**WHEREAS,** the Board of the Company has determined that it is advisable and in the best interests of the Company, its creditors, and other parties in interest to enter into that certain restructuring support agreement (the "Restructuring Support Agreement") by and among the Company, certain of its affiliates and subsidiaries, and certain consenting creditors and shareholders, substantially in the form presented to the Board on or prior to the date hereof; and be it further

**RESOLVED,** that the Company shall be, and hereby is, authorized to enter into the Restructuring Support Agreement, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and be it further

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and empowered to enter into, on behalf of the Company, the Restructuring Support Agreement, and to take any and all actions necessary or advisable to advance the Company's rights and obligations therein, including filing pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized, empowered and directed to execute the Restructuring Support Agreement on behalf of the Company and to take all necessary actions in furtherance of consummation of such agreement's terms; and be it further

**RESOLVED**, that the Board hereby authorizes and instructs the governing bodies of each of the Company's subsidiaries listed on Exhibit A attached hereto to adopt substantially similar resolutions to the resolutions set forth above.

## RECIEVABLES SECURITIZATION FACILITY

**WHEREAS**, the Company is party to (a) that certain Receivables Purchase Agreement, dated as of October 29, 2018 (as amended, restated, supplemented or otherwise modified from time to time, the "RPA"), by and among Spring Funding, LLC (the "SPV"), as seller, the Company, as servicer, Fifth Third Bank, National Association ("Fifth Third"), as a purchaser, Wells Fargo Bank, N.A. ("Wells"), as a purchaser and PNC Bank, National Association ("PNC"), as administrative agent, as a purchaser and as structuring agent, (b) that certain Purchase and Sale Agreement, dated as of October 29, 2018 (as amended, restated, supplemented or otherwise modified from time to time,

the "U.S. PSA"), by and among the SPV, as buyer, the Company, as servicer, and the originators from time to time party thereto, (c) that certain Canadian Purchase and Sale Agreement, dated as of July 30, 2019 (as amended, restated, supplemented or otherwise modified from time to time, the "Canadian PSA," and, together with the U.S. PSA, the "PSAs")), by and among the SPV, as buyer, the Company, as servicer, and Centric Canada Apparel & Accessories ULC (the "Canadian Originator"), and (d) that certain Performance Guaranty, dated as of July 30, 2019 (as amended, restated, supplemented or otherwise modified from time to time, the "Performance Guaranty"), by and between the Company, as performance guarantor, and PNC as administrative agent; and

**WHEREAS**, collectively, the RPA and the PSAs govern the Company's existing trade receivables securitization facility (the "Receivables Securitization Facility"); and

**WHEREAS**, the parties to the RPA and PSAs wish to enter into (a) the Ninth Amendment to the RPA, to be dated as of May 17, 2020, by and among Centric, the SPV, Fifth Third, Wells and PNC (the "Amended RPA"); (b) the Amendment and Restatement of the Receivables Purchase Agreement, to be dated on or about May 19, 2020, by and among Centric, the SPV, Fifth Third, Wells and PNC (the "Amended and Restated RPA"); (c) the Amendment and Restatement of the U.S. PSA, to be dated on or about May 19, 2020, by and among Centric, the SPV, and the originators party thereto (the "Amended and Restated U.S. PSA"); (d) the Amendment and Restatement of the Canadian PSA, to be dated on or about May 19, 2020, by and among the SPV, Centric, and the Canadian Originator (the "Amended and Restated Canadian PSA"); (e) the Second Amendment and Restatement of the Performance Guaranty, to be dated on or about May 19, 2020, by and between Centric and PNC (the "Second Amended and Restated Performance Guaranty"); and (f) an Originator Performance Guaranty, to be dated on or about May 19, 2020, by and among the originators party thereto and PNC (the "Originator Performance Guaranty" and, together with the Amended RPA, the Amended and Restated RPA, the Amended and Restated U.S. PSA, and the Amended and Restated Canadian PSA, the Second Amended and Restated Performance Guaranty, the "Amended and Restated Receivables Securitization Facility Documents"), to, among other things, provide for (i) continuation of the existing Receivables Securitization Facility, notwithstanding the filing of the Chapter 11 Case, (ii) a "last-out" subordinated purchaser under the RPA, and (iii) to increase the size of the Receivables Securitization Facility; and

**WHEREAS**, the Company will obtain benefits from maintaining access to the Receivables Securitization Facility during the Chapter 11 Case as well as increasing the size of the Receivables Securitization Facility, and it is advisable and in the best interest of the Company to enter into the applicable Amended and Restated Receivables Securitization Facility Documents and any documents related thereto, and to perform its obligations thereunder.

**NOW, THEREFORE, BE IT RESOLVED**, that the terms and provisions of the applicable Amended and Restated Receivables Securitization Facility Documents presently before the Board, and the transactions contemplated thereunder, and any guaranties, liabilities, obligations, or security interests granted in connection therewith, be and hereby are authorized, adopted and approved, subject to such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and be it further

**RESOLVED,** that any Authorized Officer or other officer of the Company is hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the applicable Amended and Restated Receivables Securitization Facility Documents, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party or any order entered into in connection with the Chapter 11 Cases, incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve; and be it further

**RESOLVED**, that the Company shall be, and hereby is, authorized to enter into the applicable Amended and Restated Receivables Securitization Facility Documents, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and be it further

**RESOLVED**, that the Board hereby authorizes and instructs the governing bodies of each of the Company's subsidiaries listed on <u>Exhibit A</u> attached hereto to adopt substantially similar resolutions to the resolutions set forth above.

## CASH COLLATERAL & DEBTOR-IN-POSSESSION FINANCING

**WHEREAS**, the Company will obtain benefits from the Company's use of collateral, including cash collateral, as that term is defined in section 363 of the Bankruptcy Code (collectively, the "<u>Cash Collateral</u>"), which is security for certain prepetition secured lenders (collectively, the "<u>Secured Lenders</u>") party to:

(a) that certain First Lien Credit Agreement, dated as of October 29, 2018 (as amended, restated, supplemented or otherwise modified from time to time), by and among the Company, as borrower, the guarantors party thereto, the lenders from to time party thereto, ACF Finco I LP, as the revolving agent and the collateral agent, HPS Investment Partners, LLC, as the documentation agent, and Ares Capital Corporation, as the administrative agent; and

(b) that certain Second Lien Credit Agreement dated as of October 29, 2018 (as amended, restated, supplemented or otherwise modified from time to time) among the Company, as borrower, the guarantors party thereto, the lenders from to time party thereto, and U.S. Bank National Association, as the administrative agent and collateral agent.

**WHEREAS**, reference is made to those certain debtor-in-possession financing proposals that set forth the terms and conditions of the debtor-in-possession financing to be provided to the Company (the "<u>Borrower</u>") by the lenders listed therein (the "<u>DIP Lenders</u>"); and

**WHEREAS**, the Borrower has requested that the DIP Lenders provide a senior secured debtor-in-possession financing to the Company; and

**WHEREAS**, the obligation of the DIP Lenders to make the extensions of credit to the Borrower is subject to, among other things, the Company entering into a binding term loan credit agreement (the "DIP Term Loan Credit Agreement") and a binding senior secured priming and superpriority debtor-in-possession asset-based revolving credit, guaranty and security agreement (the "DIP ABL Credit Agreement", and together with the DIP Term Loan Credit Agreement, the "DIP Credit Agreements"), and otherwise satisfying certain conditions in connection therewith, including, but not limited to, the guarantee of indebtedness, the grant of security interests and pledges, and the execution of a pari passu intercreditor agreement (together, the "DIP Obligations"); and

**WHEREAS**, the Company will obtain benefits from the DIP Obligations, and it is advisable and in the best interest of the Company to enter into the DIP Obligations and any documents related thereto, and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and

**WHEREAS**, the Borrower and the DIP Lenders are continuing negotiations regarding the final form of the DIP Obligations.

**NOW, THEREFORE, BE IT RESOLVED**, that the terms and provisions of the DIP Obligations presently before the Board, and the transactions contemplated thereunder (including, without limitation, the borrowings thereunder), and the guaranties, liabilities, obligations, security interests granted and notes issued, if any, in connection therewith, be and hereby are authorized, adopted and approved, subject to such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and be it further

**RESOLVED**, that the Company will obtain benefits from the DIP Obligations and it is advisable and in the best interest of the Company to enter into the DIP Obligations and each other document required in connection therewith, and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and be it further

**RESOLVED**, that the Company shall be, and hereby is, authorized to enter into and incur the DIP Obligations, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and be it further

**RESOLVED**, that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, the Company to seek authorization to incur the DIP Obligations and to seek approval of the use of Cash Collateral pursuant to a postpetition financing order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the postpetition financing, including providing for adequate protection to the Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreements and the use of Cash Collateral in connection with the Chapter 11 Cases, which agreements may require the Company to grant adequate protection and liens to the Company's Secured Lenders and each other

agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and be it further

**RESOLVED,** that any Authorized Officer or other officer of the Company is hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Obligations, the proposed loan documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively, and together with the DIP Credit Agreements, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve; and be it further

**RESOLVED,** that the Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents, including granting liens on its assets to secure such obligations; and be it further

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof; and be it further

**RESOLVED**, that the Board hereby authorizes and instructs the governing bodies of each of the Company's subsidiaries listed on Exhibit A attached hereto to adopt substantially similar resolutions to the resolutions set forth above.

## RETENTION OF PROFESSIONALS

**WHEREAS,** the Board has determined that it is advisable and in the best interest of the Company to retain certain professionals in connection with the foregoing.

**NOW, THEREFORE BE IT RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Ropes & Gray LLP, as the Company's counsel, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and remedies, including filing any pleadings and conducting any potential restructuring, including those contemplated by the Restructuring Support Agreement, on behalf of the Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby

authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Ropes & Gray LLP in accordance with applicable law; and be it further

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of PJT Partners, Inc. as the Company's investment banker; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain PJT Partners, Inc. in accordance with applicable law; and be it further

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Alvarez & Marsal, LLC, ("A&M") as the Company's financial advisor and that Joseph J. Sciametta, be, and hereby is, appointed to serve as the Chief Restructuring Officer of the Company (the "CRO") for such a term as shall be determined by the Board and in accordance with the terms and conditions of that certain engagement letter, dated as of May 17, 2020 by and among and the Company and A&M, and subject to the terms of the Financing Documents, and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain A&M and appoint Mr. Sciametta in accordance with applicable law; and be it further

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Prime Clerk LLC, as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Prime Clerk LLC in accordance with applicable law; and be it further

**RESOLVED,** that each of the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

**RESOLVED,** that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such cases; and be it further

**RESOLVED**, that the Board hereby authorizes and instructs the governing bodies of each of the Company's subsidiaries listed on Exhibit A attached hereto to adopt substantially similar resolutions to the resolutions set forth above.

## TRANSFORMATION OFFICE

**WHEREAS,** pursuant to the terms of the DIP Credit Agreements, within three (3) business days of the commencement of the Chapter 11 Cases (the "Petition Date"), the Company is required to form a restructuring working group led by the Company's Chief Operating Officer, the CRO, and advisors from A&M (the "Transformation Office") to implement certain restructuring objectives (as more fully set forth in the DIP Credit Agreements, and subject to approval by the Required Lenders (as defined in the DIP Credit Agreement), collectively, the "Transformation Office Plan"). The Transformation Office Plan, among other things, calls for the Transformation Office to:

 a. develop an inventory statement and inventory management plan;

 b. to reevaluate and make changes to such inventory management plan at least every two weeks based on ongoing business developments;

 c. within thirty (30) business days of the Petition Date, to develop and implement a cost savings plan projected to achieve at least as much cost savings as outlined in the Business Plan (as defined in the DIP Credit Agreements); and

 d. to develop a plan regarding the management of critical vendors, key counter-parties, payables and general unsecured claims and supervise the management of critical vendors, key counter-parties, payables and general unsecured claims.

**WHEREAS**, the Board has determined that it is advisable and in the best interest of the Company to form the Transformation Office to comply with the terms of the DIP Credit Agreements and to implement the restructuring objectives set forth in the Transformation Office Plan.

**NOW, THEREFORE, BE IT RESOLVED**, that the Company will obtain benefits from establishing the Transformation Office and implementing, and otherwise complying with, the Transformation Office Plan; and be it further

**RESOLVED**, that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, the Company to seek authorization to establish the Transformation Office and implement the Transformation Office Plan, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to establish the Transformation Office and implement the Transformation Plan; and be it further

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, the Company, or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing

resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof; and be it further

**RESOLVED**, that the Board hereby authorizes and instructs the governing bodies of each of the Company's subsidiaries to adopt substantially similar resolutions to the resolutions set forth above.

## GENERAL

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it further

**RESOLVED**, that the Company and the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board; and be it further

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby are, authorized, empowered, and directed to take all actions, or to not take any action in the name of the Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and be it further

**RESOLVED**, that to the extent the Company serves as the sole member, general partner, managing member, equivalent manager, or other governing body (each, a "Controlling Company") of any affiliate or subsidiary of the Company, each Authorized Officer, as applicable, is authorized, empowered and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of the applicable Controlling Company.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the undersigned, being a duly appointed officer of the Company, certifies, pursuant to 28 U.S.C. § 1746, that the above resolutions were adopted by a unanimous Board as of the date first written above.

_____
Lori Nembirkow
Title: Secretary

[Signature Page to Resolution of the Board of Directors of Centric Brands Inc.]

## EXHIBIT A

1.    Added Extras LLC
2.    American Marketing Enterprises Inc.
3.    Briefly Stated Holdings, Inc.
4.    Briefly Stated Inc.
5.    Centric Bebe LLC
6.    Centric Brands Holding LLC
7.    DBG Holdings Subsidiary Inc.
8.    DBG Subsidiary Inc.
9.    DFBG Swims, LLC
10.   F&T Apparel LLC
11.   Centric Accessories Group LLC
12.   Centric Beauty LLC
13.   Centric Denim Retail LLC
14.   Centric Denim USA, LLC
15.   Centric Jewelry Inc.
16.   Centric Socks LLC
17.   Centric West LLC
18.   Centric-BCBG LLC
19.   Centric-BCBG Retail LLC
20.   HC Acquisition Holdings, Inc.
21.   Hudson Clothing, LLC
22.   Hudson Clothing Holdings, Inc.
23.   Innovo West Sales, Inc.
24.   KHQ Athletics LLC
25.   KHQ Investment LLC
26.   Lotta Luv Beauty LLC
27.   Marco Brunelli IP, LLC
28.   RG Parent LLC
29.   RGH Group LLC
30.   Robert Graham Designs, LLC
31.   Robert Graham Holdings, LLC
32.   Robert Graham Retail LLC
33.   Rosetti Handbags and Accessories, Ltd.
34.   VZI Investment Corp.