**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>Centric Brands Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-22637 (SHL)<br><br>(Jointly Administered) |

## ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF DEBTORS' EQUITY INTERESTS IN SWIMS AS, (B) AUTHORIZING THE PROVISION OF SECURED INTERCOMPANY LOANS PRIOR TO A SALE, AND (C) GRANTING RELATED RELIEF

Upon the *Debtors' Motion for Entry of an Order (A) Approving Bid Procedures for the Sale of Debtors' Equity Interests in SWIMS AS, (B) Authorizing the Provision of Secured Intercompany Loans Prior to a Sale, and (C) Granting Related Relief* (the "Sale Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Bid Procedures Relief and the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, 9008 and 9014, Local Rules 2002-1, 6004-1, and 9006-1(b),

---

[1]    The Debtors in these chapter 11 cases, for which joint administration has been granted, along with the last four digits of their federal tax identification numbers, are as follows:  Centric Brands Inc. (8178); Added Extras LLC (5851); American Marketing Enterprises Inc. (9672); Briefly Stated Holdings, Inc. (9890); Briefly Stated Inc. (6765); Centric Bebe LLC (2263); Centric Brands Holding LLC (3107); DBG Holdings Subsidiary Inc. (4795); DBG Subsidiary Inc. (6315); DFBG Swims, LLC (8035); F&T Apparel LLC (9183); Centric Accessories Group LLC (3904); Centric Beauty LLC (8044); Centric Denim Retail LLC (1013); Centric Denim USA, LLC (9608); Centric Jewelry Inc. (6431); Centric Socks LLC (2887); Centric West LLC (3064); Centric-BCBG LLC (5700); Centric-BCBG Retail LLC (4915); HC Acquisition Holdings, Inc. (4381); Hudson Clothing, LLC (2491); Hudson Clothing Holdings, Inc. (4298); Innovo West Sales, Inc. (8471); KHQ Athletics LLC (7413); KHQ Investment LLC (0014); Lotta Luv Beauty LLC (0202); Marco Brunelli IP, LLC (0227); RG Parent LLC (4002); RGH Group LLC (9853); Robert Graham Designs, LLC (1207); Robert Graham Holdings, LLC (0213); Robert Graham Retail LLC (7152); Rosetti Handbags and Accessories, Ltd. (2905); and VZI Investment Corp. (5233).

[2]    Unless otherwise stated, all capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion or the Bid Procedures, as applicable.

and the *Sale Guidelines for the Conduct of Asset Sales established and adopted by the United States Bankruptcy Court for the Southern District of New York pursuant to General Order M-383* (the "Sale Guidelines"); consideration of the Bid Procedures Relief and the Sale Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Sale Motion having been adequate and appropriate under the circumstances; a hearing on the Bid Procedures Relief having been held by this Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1.      The Bid Procedures Relief in the Sale Motion is GRANTED as provided herein.

2.      All objections to the Sale Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.      The Bid Procedures attached hereto as **Exhibit 1** are fair, reasonable and appropriate under the circumstances, and are designed to maximize recovery on, and realize value of, the Debtors' Assets, and are therefore approved.  The Bid Procedures shall govern the submission, receipt and analysis of all bids relating to the Sale and any party desiring to submit a bid shall do so in accordance with the terms of the Bid Procedures and this Order.

4.      The form of notice of the Auction and the Sale attached hereto as **Exhibit 2** (the "Sale Notice") is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, Auction, Sale Objection Deadline, and Sale Hearing (all as defined below), and is therefore approved.  Within one (1) day after the entry of this Order, or as soon thereafter as practicable (the "Mailing Date"), the Debtors (or their agents) shall serve the Sale Notice by e-mail (if known) and first-class mail, postage prepaid, upon (a) William K. Harrington,

United States Trustee ("U.S. Trustee"), U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Rm 1006, New York, NY 10014 (Attn.: Andrea B. Schwartz, Esq.), email: andrea.b.schwartz@usdoj.gov; (b) counsel to the official committee of unsecured creditors (the "Committee"), McDermott Will & Emery LLP, 340 Madison Avenue, New York, NY 10173 (Attn: Timothy W. Walsh and Kristin K. Going), email: twwalsh@mwe.com, kgoing@mwe.com; (c) counsel to ACF Finco I LP, as Collateral Agent and Revolver Agent under the Prepetition First Lien Credit Agreement and Collateral Agent under the DIP Revolving Credit Agreement, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110 (Attn: Julia Frost-Davies, Laura McCarthy), email: julia.frostdavies@morganlewis.com, laura.mccarthy@morganlewis.com; (d) counsel to certain lenders under the DIP Revolving Credit Agreement and certain lenders under the Prepetition First Lien Credit Agreement, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611 (Attn: Richard A. Levy and James Ktsanes), email: richard.levy@lw.com, james.ktsanes@lw.com; (e) counsel to the agent under the DIP Term Loan Credit Agreement and the agent under the Prepetition Second Lien Credit Agreement, Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110 (Attn: Catherine Ng), email: cng@nixonpeabody.com; (f) counsel to certain lenders under the DIP Term Loan Credit Agreement and certain lenders under the Prepetition Second Lien Credit Agreement, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036 (Attn: Ira S. Dizengoff, Philip C. Dublin and Brad M. Kahn), email: idizengoff@akingump.com, pdublin@akingump.com, bkahn@akingump.com; (g) counsel to PNC Bank as the agent under the Receivables Purchase Agreement, Mayer Brown, 1221 Avenue of the Americas, New York, NY 10020 (Attn: Brian Trust), email: btrust@mayerbrown.com; and (h) the United States Attorney's

3

Office for the Southern District of New York (i) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (j) any other party as required by Local Rule 2002-1.

5.      Within three (3) business days after entry of the Bidding Procedures Order, the Debtors will cause the information contained in the Sale Notice to be published once in a national publication and once in an international publication as soon as practicable thereafter. Such notice shall be sufficient and proper notice of the Sale, Auction, Sale Objection Deadline, and Sale Hearing with respect to unknown interested parties and no other or further notice of the Sale, Auction, Sale Objection Deadline, or the Sale Hearing to such parties shall be required.

6.      The hearing to approve the Sale of the Debtors' Assets (the "Sale Hearing") will be held on **October 1, 2020 at 11:00 a.m. (prevailing Eastern Time)**; *provided*, however, that the Debtors shall have authority to modify the date of the Sale Hearing to the extent necessary to obtain the highest or otherwise best offer for the available Assets, subject to notice to the DIP Lenders,[3] Committee, and the office of the U.S. Trustee (collectively, the "Consultation Parties") and the Court's availability. Any such adjournment shall be effective upon the filing of a notice of adjournment or the making of an announcement at the Sale Hearing. No further notice of any such adjournment or continuance will be required to be provided to any party.

7.      The deadline for filing an objection to the Sale shall be **September 24, 2020 at 4:00 p.m. (prevailing Eastern Time)** (the "Sale Objection Deadline"). Objections, if any, shall be in writing, filed with the Court and served upon: (a) counsel for the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, (212) 596-9000 (Attn: Gregg M. Galardi, Cristine Pirro Schwarzman, Daniel G. Egan, and Emily Kehoe),

---

[3]     The term "DIP Lenders" has the meaning ascribed to it in the Debtors' *Third Amended Joint Chapter 11 Plan of Reorganization of Centric Brands Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 417].

email: gregg.galardi@ropesgray.com,                    cristine.schwarzman@ropesgray.com,

daniel.egan@ropesgray.com, emily.kehoe@ropesgray.com; (b) William K. Harrington, U.S.

Trustee, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Rm 1006, New

York, NY 10014 (Attn.: Andrea B. Schwartz, Esq.), email: andrea.b.schwartz@usdoj.gov;

(c) counsel to the Committee, McDermott Will & Emery LLP, 340 Madison Avenue, New York,

NY 10173 (Attn: Timothy W. Walsh and Kristin K. Going), email: twwalsh@mwe.com,

kgoing@mwe.com; (d) counsel to ACF Finco I LP, as Collateral Agent and Revolver Agent under

the Prepetition First Lien Credit Agreement and Collateral Agent under the DIP Revolving Credit

Agreement, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110 (Attn: Julia

Frost-Davies,        Laura        McCarthy),        email: julia.frostdavies@morganlewis.com,

laura.mccarthy@morganlewis.com; (e) counsel to certain lenders under the DIP Revolving Credit

Agreement and certain lenders under the Prepetition First Lien Credit Agreement, Latham &

Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611 (Attn: Richard A. Levy

and James Ktsanes), email: richard.levy@lw.com, james.ktsanes@lw.com; (f) counsel to the agent

under the DIP Term Loan Credit Agreement and the agent under the Prepetition Second Lien

Credit Agreement, Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110 (Attn: Catherine

Ng), email: cng@nixonpeabody.com; (g) counsel to certain lenders under the DIP Term Loan

Credit Agreement and certain lenders under the Prepetition Second Lien Credit Agreement, Akin

Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY

10036      (Attn: Ira S.      Dizengoff,      Philip      C.      Dublin      and      Brad      M.

Kahn), email: idizengoff@akingump.com,    pdublin@akingump.com,    bkahn@akingump.com;

(h) counsel to PNC Bank as the agent under the Receivables Purchase Agreement, Mayer Brown,

1221 Avenue of the Americas, New York, NY 10020 (Attn: Brian Trust), email:

btrust@mayerbrown.com; and (i) the United States Attorney's Office for the Southern District of New York (collectively, the "Objection Notice Parties") so that it is actually received on or before the Sale Objection Deadline.

8.     The deadline for submitting Qualified Bids shall be **September 14, 2020 at 5:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline"); *provided*, however, that the Debtors shall have authority to modify the Bid Deadline to the extent necessary to obtain the highest or otherwise best offer for the available Assets, subject to notice to the Consultation Parties and the Court's availability.

9.     As soon as practicable after the Bid Deadline, but no later than one (1) day after such deadline, the Debtors shall provide electronic notice on the case docket as to whether more than one Qualified Bid has been received and whether the Debtors will proceed with the Auction.

10.     If only one Qualified Bid or no Qualified Bid is received by the Bid Deadline, then the Debtors may decide not to hold the Auction, subject to notice to the Consultation Parties.  If more than one Qualified Bid is received by the Bid Deadline, then the Debtors shall conduct the Auction via a Zoom virtual meeting by logging on to the Zoom website (https://zoom.us/join) and entering the Meeting ID, which will be provided to Qualified Bidders by electronic mail not later than 5:00 p.m. (prevailing Eastern Time) on September 17, 2020 (the "Auction").  The Auction shall commence on **September 18, 2020 at 10:00 a.m. (prevailing Eastern Time)**, or such later time or other place as the Debtors shall timely notify the Qualified Bidders; *provided*, however, that the Debtors shall have authority to modify the date of the Auction to the extent necessary to obtain the highest or otherwise best offer for the available Assets, subject to notice to the Consultation Parties and the Court's availability.

11.     As soon as practicable after the Auction, but no later than one (1) day after conclusion of the Auction, the Debtors shall provide electronic notice of the results thereof on the case docket.

12.     The DIP Revolving Facility Collateral Agent, the DIP Term Agent, the Prepetition First Lien Agents, and the Prepetition Second Lien Agent (collectively, the "Secured Parties") (each as defined in the Bid Procedures) shall be considered a Qualified Bidder and may, pursuant to Bankruptcy Code section 363(k), submit a credit bid to acquire the Assets which credit bid shall be deemed a Qualified Bid; *provided, however* that (i) in the event that there is an unresolved challenge to a Prepetition Secured Parties' credit bid pursuant to a motion or complaint filed with the Court in accordance with paragraph 30 of the Final DIP Order[4] with respect to the Prepetition Secured Obligations or Prepetition Liens, such Prepetition Secured Parties' credit bid shall not be a Qualified Bid unless the Court authorizes such credit bid prior to the Auction; or (ii) in the event that the Challenge Period has otherwise been extended by Court order, no credit bid shall be a Qualified Bid unless the Court authorizes such credit bid prior to the Auction.  For the avoidance of doubt, nothing herein shall prejudice the ability of a party to seek an extension of the Challenge Period or prejudice any party's rights to contest or object to any request for an extension of the Challenge Period.

13.     The requirements of the Sale Guidelines with respect to the filing of a copy of the proposed purchase agreement, or a form of such agreement substantially similar to the one the

---

[4]    The "Final DIP Order" means the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Grant Senior Secured Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* [Docket No. 220], and capitalized terms used in this paragraph 12 but not otherwise defined herein shall have the meanings ascribed to them in the Final DIP Order.

Debtors reasonably believe it will execute in connection with the proposed Sale, is hereby waived. The Debtors shall file a form of Sale Order as soon as practicable prior to a Sale Hearing.

14.     The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the procedures and enter into or consummate the transactions contemplated by this Order.

15.     The Debtors are authorized to continue to provide intercompany loans from Centric Brands Holding LLC to SWIMS AS, and, if the Debtors deem appropriate, to do so on a secured basis until the closing of the Sale.

16.     This Order shall be effective and enforceable immediately upon entry.

17.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated:  August 19, 2020
       New York, New York               */s/ **Sean H. Lane***
                                      THE HONORABLE SEAN H. LANE
                                      UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**Bid Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Centric Brands Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-22637 (SHL)<br><br>(Jointly Administered) |

## BID PROCEDURES

These Bid Procedures (the "Bid Procedures") have been approved by an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered on August [•], 2020 (the "Bid Procedures Order") in the above-captioned jointly administered chapter 11 cases of Centric Brands Inc. together with their non-debtor direct and indirect subsidiaries (collectively, the "Debtors"). These Bid Procedures set forth the process by which the Debtors are authorized to conduct the auction (the "Auction") for the sale of the Debtors' equity interests in SWIMS AS and any related assets that may be owned by the Debtors (the "Assets") pursuant to section 363 of the Bankruptcy Code (the "Sale").

> **Copies of the Bid Procedures Order and other documents related thereto are available free of charge on the website of the Debtors' noticing and claims agent, Prime Clerk LLC ("Prime Clerk") at https://cases.primeclerk.com/centricbrands/, or upon request by contacting Prime Clerk by telephone at (844) 974-2131.**

### A.    Bidder Requirements.

A party must submit the following documents in order to be a "Qualified Bidder" and be allowed to participate in the bidding process and receive access to conduct due diligence:

---

[1]    The Debtors in these chapter 11 cases, for which joint administration has been granted, along with the last four digits of their federal tax identification numbers, are as follows:  Centric Brands Inc. (8178); Added Extras LLC (5851); American Marketing Enterprises Inc. (9672); Briefly Stated Holdings, Inc. (9890); Briefly Stated Inc. (6765); Centric Bebe LLC (2263); Centric Brands Holding LLC (3107); DBG Holdings Subsidiary Inc. (4795); DBG Subsidiary Inc. (6315); DFBG Swims, LLC (8035); F&T Apparel LLC (9183); Centric Accessories Group LLC (3904); Centric Beauty LLC (8044); Centric Denim Retail LLC (1013); Centric Denim USA, LLC (9608); Centric Jewelry Inc. (6431); Centric Socks LLC (2887); Centric West LLC (3064); Centric-BCBG LLC (5700); Centric-BCBG Retail LLC (4915); HC Acquisition Holdings, Inc. (4381); Hudson Clothing, LLC (2491); Hudson Clothing Holdings, Inc. (4298); Innovo West Sales, Inc. (8471); KHQ Athletics LLC (7413); KHQ Investment LLC (0014; Lotta Luv Beauty LLC (0202); Marco Brunelli IP, LLC (0227); RG Parent LLC (4002); RGH Group LLC (9853); Robert Graham Designs, LLC (1207); Robert Graham Holdings, LLC (0213); Robert Graham Retail LLC (7152); Rosetti Handbags and Accessories, Ltd. (2905); and VZI Investment Corp. (5233).

i.      an executed confidentiality agreement on terms reasonably acceptable to the Debtors (a "<u>Confidentiality Agreement</u>"); and

ii.     proof by the bidder (the "<u>Proposed Bidder</u>") of its financial capacity to close a proposed transaction, which may include current unaudited or verified financial statements of, or verified financial commitments obtained by, the Proposed Bidder (or, if the Proposed Bidder is an entity formed for the purpose of acquiring the property to be sold, the party that will bear liability for a breach), the adequacy of which the Debtors and its advisors, in consultation with the DIP Lenders,[2] Committee, and Office of the United States Trustee (the "<u>Consultation Parties</u>") will determine.

**B.      Bid Requirements.**

In order to be eligible to participate in the Auction, a Qualified Bidder must, on or before **September 14, 2020 at 5:00 p.m. (prevailing Eastern Time)** (the "<u>Bid Deadline</u>") deliver a written and executed copy of an asset purchase agreement and ancillary documents by which the Qualified Bidder offers to purchase the Assets at a purchase price and upon the terms and conditions set forth therein and which provides, or otherwise complies with, the items noted below (any such offer, a "<u>Qualified Bid</u>" and the such offer with the corresponding documents submitted therewith, the "<u>Bid Documents</u>"):

i.      Identifies the Assets to be purchased;

ii.     Constitutes a binding proposal regarding the assets sought to be acquired and the consideration to be paid;

iii.    Remains irrevocable until 48 hours after the Sale Hearing;

iv.     Is not subject to any break up fee, transaction fee, termination fee, expense reimbursement or any similar type of payment or reimbursement unless subject to court approval; and

v.      Is accompanied by a good faith deposit in the amount of 10% of the proposed purchase price (a "<u>Good Faith Deposit</u>").[3]

A Qualified Bid shall not be conditioned on the obtaining or the sufficiency of financing or any internal approval, or on the outcome of due diligence review.

The Bid Documents shall be delivered to:

Ropes & Gray LLP
Gregg M. Galardi

---

[2]    The term "DIP Lenders" has the meaning ascribed to it in the Debtors' *Third Amended Joint Chapter 11 Plan of Reorganization of Centric Brands Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 417].

[3]    The Debtors may waive the deposit requirement for bidders that submit credit bids.

Daniel G. Egan
Emily Kehoe
1211 Avenue of the Americas
New York, NY 10036
gregg.galardi@ropesgray.com
cristine.schwarzman@ropesgray.com
daniel.egan@ropesgray.com
emily.kehoe@ropesgray.com

The Debtors shall provide copies of all Qualified Bids to their advisors and the Consultation Parties immediately upon receipt. The Debtors will be authorized to approve joint bids in the Debtors' exercise of their reasonable good faith business judgment.

Prior to the Auction, the Debtors shall determine and notify each Proposed Bidder whether such Proposed Bidder is deemed a "Qualified Bidder" and has submitted acceptable Bid Documents such that their bid is deemed a "Qualified Bid." The Debtors shall consult with the DIP Lenders and counsel to the Committee regarding whether a bid shall be deemed a Qualified Bid unless the bidder is a DIP Lender, in which case the Debtors shall consult solely with counsel to the Committee.

## C.    Credit Bidding.

The DIP Revolving Facility Collateral Agent, the DIP Term Agent, the Prepetition First Lien Agents, and the Prepetition Second Lien Agent (collectively, the "Secured Parties") shall each be deemed a Qualified Bidder and shall not be required to provide a Good Faith Deposit. The Secured Parties may each participate in the Auction and, to the extent set forth in the Final DIP Order,[4] may, pursuant to Bankruptcy Code section 363(k), submit a credit bid (a "Credit Bid") to acquire the Assets which Credit Bid shall be deemed a Qualified Bid; *provided, however,* that (i) in the event that there is an unresolved challenge to a Prepetition Secured Parties' credit bid pursuant to a motion or complaint filed with the Court in accordance with paragraph 30 of the Final DIP Order with respect to the Prepetition Secured Obligations or Prepetition Liens, such Prepetition Secured Parties' credit bid shall not be a Qualified Bid unless the Court authorizes such credit bid prior to the Auction; or (ii) in the event that the Challenge Period has otherwise been extended by Court order, no credit bid shall be a Qualified Bid unless the Court authorizes such credit bid prior to the Auction; *provided further, however,* that nothing herein shall prejudice the ability of a party to seek an extension of the Challenge Period or prejudice any party's rights to contest or object to any request for an extension of the Challenge Period. Upon the exercise of a Credit Bid, the Secured Parties shall not be required to take title to or ownership of, or have any obligation in connection with or be deemed to have taken title to or ownership of, or have any obligation in connection with, the Assets, and the Secured Parties separately shall have the right to designate any person or entity in their respective sole and absolute discretion that shall take title to the Assets

---

[4]    The "Final DIP Order" means the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Grant Senior Secured Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* [Docket No. 220], and capitalized terms used in this Section C but not otherwise defined herein have the meanings ascribed to them in the Final DIP Order.

that are subject to the Credit Bid. The Debtors shall provide notice of any such designee in connection with notice of the Successful Bid immediately following the Auction. None of the Secured Parties will be a Backup Bidder unless it consents in writing otherwise.

### D.    Access to Due Diligence.

Only Qualified Bidders shall be eligible to receive due diligence and access to additional non-public information. The Debtors along with their advisors shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders; *provided, however,* the Debtors may decline to provide such information to Qualified Bidders who, in the Debtors' reasonable business judgment have not established that such Qualified Bidders intend in good faith to, or have the capacity to, consummate a Sale.

Each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Debtors' assets and liabilities that are the subject of the Auction prior to making any such bids; that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the assets in making its bid; and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise regarding the Debtors' assets or liabilities, or the completeness of any information provided in connection therewith, except as expressly stated in these Bid Procedures. Neither the Debtors nor any of their employees, officers, directors, affiliates, subsidiaries, representatives, agents, advisors or professionals are responsible for, and shall bear no liability with respect to, any information obtained by Proposed Bidders in connection with the Sale.

### E.    Sale Objections.

Objections, if any, must be in writing and served on the Objection Notice Parties so as to be received by all such parties prior to 4:00 p.m. (Eastern Time) **September 24, 2020 at 4:00 p.m. (prevailing Eastern Time)** (the "Sale Objection Deadline") and must state with specificity the grounds for the objection. If no written objections are filed, the Debtors are authorized to immediately consummate the Sale Transaction. If a timely objection is filed and not withdrawn or resolved (the "Unresolved Objection"), the Unresolved Rejection will be considered at the Sale Hearing (as defined below). If such objection is overruled or withdrawn, or if the sale of property is specifically approved by further order of the Bankruptcy Court, the Debtors are authorized to immediately consummate the Sale Transaction.

### F.    Auction.

If only one Qualified Bid or no Qualified Bid is received by the Bid Deadline, then the Debtors may decide not to hold the Auction, subject to notice to the Consultation Parties. If more than one Qualified Bid is received by the Bid Deadline, then the Debtors shall conduct the Auction. The Auction shall commence on September 18, 2020 at 10:00 a.m. (prevailing Eastern Time) via a Zoom virtual meeting by logging on to the Zoom website (https://zoom.us/join) and entering the Meeting ID, which will be provided to Qualified Bidders by electronic mail not later than 5:00 p.m. (prevailing Eastern Time) on September 17, 2020 or such other place or platform as the Debtors shall timely notify the Qualified Bidders.

The Auction will be conducted in accordance with the following procedures (the "<u>Auction Procedures</u>")

i.      only the Qualified Bidders shall be entitled to bid at the Auction;

ii.     the Debtors will announce the starting bid at the commencement of the Auction;

iii.    the Debtors will announce what the bidding increments are at the Auction, after consultation with the Debtors' advisors and the Consultation Parties, which may be modified as necessary to the extent the Debtors deem appropriate;

iv.     each Qualified Bidder will be informed of the terms of the previous bids;

v.      the bidding may be transcribed or videotaped to ensure an accurate recording of the bidding at the Auction;

vi.     each Qualified Bidder will be required to confirm on the record of the Auction that it has not engaged in any collusion with respect to the bidding or the Sale; and

vii.    absent irregularities in the conduct of the Auction, the Bankruptcy Court will not consider bids made after the Auction is closed; and the Auction shall be governed by such other Auction Procedures as may be announced by the Debtors after consultation with its advisors and the Consultation Parties from time to time on the record at the Auction.

**G.     Selection of the Successful Bid.**

Upon the conclusion of the Auction (if such Auction is conducted), the Debtors, after consultation with the Debtors' advisors and the Consultation Parties, in the exercise of their reasonable, good-faith business judgment shall identify the highest or otherwise best Qualified Bid(s) that in the exercise of their fiduciary duties the Debtors in good faith believe is in the best interests of the Debtors' estates and stakeholders, which will be determined by considering, among other things:

i.      the total expected consideration to be received by the Debtors;

ii.     the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof; and

iii.    the expected net benefit to the estate.

The Qualified Bidder(s) having submitted a Successful Bid(s) will be deemed the "<u>Successful Bidder(s)</u>."  The Debtors may also designate the Backup Bid (as defined below).  The Successful Bidders and the Debtors shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments or other documents evidencing and containing the terms upon which such Successful Bids were made.

5

As soon as reasonably practicable following the Auction and before the Sale Hearing, the Debtors will file a notice of Successful Bidder(s) with the Bankruptcy Court. The Debtors will present the results of the Auction to the Bankruptcy Court at the Sale Hearing, at which certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (a) the Auction was conducted, and the Successful Bidder(s) was selected, in accordance with these Bid Procedures, (b) the Auction was fair in substance and procedure, (c) the Successful Bid was a Qualified Bid as defined in these Bid Procedures, and (d) consummation of the Successful Bid will provide the highest or otherwise best value for the Debtors' assets and is in the best interests of the Debtors' estates.

**H.      Sale Hearing.**

A hearing to consider approval of the Successful Bid(s) (the "Sale Hearing") is presently scheduled to take place on **October 1, 2020 at 11:00 a.m. (ET),** or as soon thereafter as counsel may be heard. The Sale Hearing may be adjourned to a later date by the Debtors for any reason, subject to notice to the Consultation Parties. Any such adjournment shall be effective upon the filing of a notice of adjournment or the making of an announcement at the Sale Hearing. No further notice of any such adjournment or continuance will be required to be provided to any party.

**I.      Designation of Backup Bidder.**

If for any reason the Successful Bidder fails to consummate the Successful Bid within the time permitted after the entry of the Sale Order approving the Sale to the Successful Bidder, then the Qualified Bidder with the second highest or otherwise best bid (the "Backup Bidder"), as determined by the Debtors after consultation with their advisors and the Consultation Parties at the conclusion of the Auction and announced at that time to all the Qualified Bidders participating therein, will automatically be deemed to have submitted the highest or otherwise best bid (the "Backup Bid").

The Debtors will be authorized, but not required, to consummate the transaction pursuant to the Backup Bid as soon as is commercially reasonable without further order of the Bankruptcy Court upon at least twenty-four (24) hours' advance notice, which notice will be filed with the Bankruptcy Court. Upon designation of the Backup Bidder at the Auction, the Backup Bid shall remain open until the closing of the Successful Bid.

**J.      Return of Good Faith Deposit.**

The Good Faith Deposit of the Successful Bidder shall, upon consummation of the Successful Bid, be credited to the purchase price paid for Debtors' Assets. If the Successful Bidder fails to consummate the Successful Bid, then the Good Faith Deposit shall be forfeited to, and retained irrevocably by, the Debtors.

The Good Faith Deposit of any unsuccessful Qualified Bidders will be returned within ten (10) days after consummation of the Sale.

6

**K.      Consent to Jurisdiction.**

All Qualified Bidders at the Auction shall be deemed to have consented to the jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction, the construction and enforcement of the Bid Procedures and/or the Qualified Bid, as applicable.

**L.      Reservation of Rights.**

The Debtors reserve their rights to modify these Bid Procedures in a manner that will best promote the goals of the bidding process or impose, at or prior to the Auction, additional customary terms and conditions on the Sale.

Except as otherwise provided herein or in the Bid Procedures Order, nothing will in any way impair or enhance, alter or otherwise affect any and all rights that any secured lender may have to "credit bid" pursuant to section 363(k) of the Bankruptcy Code or other applicable law. For the avoidance of doubt, every dollar of a credit bid shall be treated the same as a dollar from a cash bid and a cash bid shall not be deemed higher or otherwise better solely for the reason it is a cash bid and not a credit bid.

## **EXHIBIT 2**

**Sale Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>    Centric Brands Inc., *et al.*,[1]<br><br>                              **Debtors.** | Chapter 11<br><br>Case No. 20-22637 (SHL)<br><br>(Jointly Administered) |

### NOTICE OF SALE,
### BIDDING PROCEDURES, AUCTION, AND SALE HEARING

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on May 18, 2020 (the "Petition Date").

**PLEASE TAKE FURTHER NOTICE THAT** on August 3, 2020 in connection with the proposed sale (the "Sale") of the equity interests in SWIMS AS (the "Assets") the Debtors filed a motion (the "Motion") [Docket No. 456] seeking, among other things, the entry of an order: (a) approving bid procedures for the sale of the Debtors' equity interests in SWIMS AS, a foreign, non-Debtor subsidiary (the "Bid Procedures"); (b) authorizing the provision of intercompany loans to SWIMS AS on a secured basis until the closing of the Sale; and (c) granting related relief.

**PLEASE TAKE FURTHER NOTICE THAT** on August [●], 2020 the Bankruptcy Court entered an order [Docket No. [●]] (the "Bid Procedures Order") granting certain of the relief sought in the Motion, including, among other things, approving: (a) the Bid Procedures, (b) authorizing the provision of intercompany loans to SWIMS AS on a secured basis until the closing of the Sale, and (c) granting related relief.

---

[1]    The Debtors in these chapter 11 cases, for which joint administration has been granted, along with the last four digits of their federal tax identification numbers, are as follows:  Centric Brands Inc. (8178); Added Extras LLC (5851); American Marketing Enterprises Inc. (9672); Briefly Stated Holdings, Inc. (9890); Briefly Stated Inc. (6765); Centric Bebe LLC (2263); Centric Brands Holding LLC (3107); DBG Holdings Subsidiary Inc. (4795); DBG Subsidiary Inc. (6315); DFBG Swims, LLC (8035); F&T Apparel LLC (9183); Centric Accessories Group LLC (3904); Centric Beauty LLC (8044); Centric Denim Retail LLC (1013); Centric Denim USA, LLC (9608); Centric Jewelry Inc. (6431); Centric Socks LLC (2887); Centric West LLC (3064); Centric-BCBG LLC (5700); Centric-BCBG Retail LLC (4915); HC Acquisition Holdings, Inc. (4381); Hudson Clothing, LLC (2491); Hudson Clothing Holdings, Inc. (4298); Innovo West Sales, Inc. (8471); KHQ Athletics LLC (7413); KHQ Investment LLC (0014); Lotta Luv Beauty LLC (0202); Marco Brunelli IP, LLC (0227); RG Parent LLC (4002); RGH Group LLC (9853); Robert Graham Designs, LLC (1207); Robert Graham Holdings, LLC (0213); Robert Graham Retail LLC (7152); Rosetti Handbags and Accessories, Ltd. (2905); and VZI Investment Corp. (5233).

## Contact Person for Parties Interested in Submitting a Bid

The Bidding Procedures set forth in detail the requirements for submitting a Qualified Bid, and any person interested in making an offer to purchase the Assets **must** comply strictly with the Bidding Procedures. **Only Qualified Bids will be considered by the Debtors**. Any persons interested in making an offer to purchase the Assets should contact:

| Investment Banker to Debtors | Counsel to Debtors |
|---|---|
| PJT Partners LP<br>280 Park Avenue<br>New York, New York 10017<br>Jamie Baird<br>Calvin Arnold<br>John Hubert<br><br>Email:  baird@pjtpartners.com<br>arnold@pjtpartners.com<br>hubert@pjtpartners.com | Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, New York 10036-8704<br>Gregg M. Galardi, Esq.<br>Cristine Pirro Schwarzman, Esq.<br>Daniel G. Egan, Esq.<br>Emily Kehoe, Esq.<br><br>Email: gregg.galardi@ropesgray.com<br>cristine.schwarzman@ropesgray.com<br>daniel.egan@ropesgray.com<br>emily.kehoe@ropesgray.com |

## Obtaining Information

Copies of the Bidding Procedures Order, the Bidding Procedures and any other related documents are available upon request to Prime Clerk LLC, the Debtors' notice and claims agent, at (844) 974-2131, or by visiting the case website at https://cases.primeclerk.com/centricbrands/.

## Important Dates and Deadlines

1. The deadline to submit a Qualified Bid is **5:00 p.m. Eastern Time on September 14, 2020**. The deadline to file an objection with the Bankruptcy Court to the entry of an order approving the sale (the "Sale Order") is **4:00 p.m. Eastern Time on September 24, 2020** (the "Sale Objection Deadline").

2. The Auction for the Assets, if one is necessary, will commence at **10:00 a.m. Eastern Time on September 18, 2020**, or such other date as determined by the United States Bankruptcy Court for the Southern District of New York (the "Court"), via a Zoom virtual meeting by logging on to the Zoom website (https://zoom.us/join) and entering the Meeting ID, which will be provided to Qualified Bidders by electronic mail not later than

5:00 p.m. (prevailing Eastern Time) on September 17, 2020.

3.      A hearing (the "Sale Hearing") to consider the proposed Sale will be held before the Honorable Sean H. Lane United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at **11:00 a.m. Eastern Time on October 1, 2020**, or such other date as determined by the Court.   The Sale Hearing will be held telephonically, until further notice, using the guidelines and procedures established by Court Solutions LLC ("Court Solutions").  Instructions for telephonic appearances using Court Solutions can be found in General Order M-543.

## Filing Objections to the Sale

Any objection to the Motion as it relates to the Sale must: (a) be in writing; (b) state with specificity the nature of such objection; (c) comply with the Bankruptcy Rules and the Local Rules for the Southern District of New York; and (d) be filed with this Court and served upon, so as to be **actually received** on or prior to the Sale Objection Deadline, by the following parties:

| *Counsel to the Debtors* | *Counsel to the Consenting First Lien Lenders* |
|---|---|
| Gregg M. Galardi<br>Cristine Pirro Schwarzman<br>Daniel G. Egan<br>Emily Kehoe<br>**ROPES & GRAY LLP**<br>1211 Avenue of the Americas<br>New York, New York 10036-8704 | Richard A. Levy<br>**LATHAM & WATKINS, LLP**<br>330 North Wabash Avenue,<br>Suite 2800<br>Chicago, IL 60611 |
| *Counsel to the Consenting Second Lien Lenders* | *Counsel to the agent under the DIP Term Loan Credit Agreement and the agent under the Second Lien Credit Agreement* |
| Ira S. Dizengoff<br>Philip C. Dublin<br>Brad M. Kahn<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>One Bryant Park<br>Bank of America Tower<br>New York, NY 10036-6745 | Catherine Ng<br>**NIXON PEABODY LLP**<br>100 Summer Street<br>Boston, MA 02110 |

| *U.S. Trustee* | *Counsel to ACF Finco I LP, as Collateral Agent and Revolver Agent under the First Lien Credit Agreement and Collateral Agent under the DIP Revolving Credit Agreement* |
|---|---|
| Andrea B. Schwartz<br>United States Department of Justice<br>Office of the United States Trustee<br>*Southern District of New York*<br>201 Varick Street,<br>Rm. 1006<br>New York, New York<br>10014 | Julia Frost-Davies<br>Laura McCarthy<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Federal Street<br>Boston, MA 02110 |
| *Counsel to the Official Committee of Unsecured Creditors* | *Counsel to PNC Bank as the Agent under the Receivables Purchase Agreement* |
| Timothy W. Walsh<br>Kristin K. Going<br>MCDERMOTT WILL & EMERY LLP<br>340 Madison Avenue<br>New York, NY 10173 | Brian Trust<br>MAYER BROWN LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |

## Consequences of Failing to Timely File and Serve an Objection:

Any party or entity who fails to timely file and serve an Objection to the Sale on or before the Sale Objection Deadline in accordance with the Bidding Procedures Order shall be forever barred from asserting any Objection to the Sale, including with respect to the transfer of the Assets of the Debtors' estates free and clear of liens, claims, encumbrances, and other interests effected thereunder.

### No Successor or Transferee Liability

The proposed Sale Order provides that the Successful Bidder, if applicable, will have no responsibility for, and the Assets will be sold free and clear of, any successor liability, including the following with respect to the Assets to be sold: (a) any liability or other obligation of the Debtors' estates or related to the Debtors' Assets; or (b) any claims against the Debtors, their estates, or any of their predecessors or affiliates.  Except as expressly provided in the Sale Order, the Successful Bidder shall have no liability whatsoever with respect to the Debtors' estates' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' estates' (or their predecessors' or affiliates') obligations (as described below, "Successor Liability") based on any action (or inaction) taken in connection with the Sale, or the continued operation of the business on any basis, including under any doctrines of successor, transferee, or vicarious liability (whether based on *de facto* merger, mere continuation, or any other basis or theory of liability), including (a) any past, present, or future liabilities of the Debtors or any of their affiliates to any shareholder, governmental entity, or person, (b) any past, present or future liabilities of the Debtors or any of their affiliates arising out of any civil or criminal investigations or claims brought by any governmental entity, including the United States Attorney's Office or the Securities and Exchange Commission, seeking sanctions, penalties, restitution, disgorgement, or other amounts owed or that become owed, and (c) any past, present or future claims of or liability associated with indemnity, advancement, reimbursement or contribution of legal or other expenses incurred by current or former directors, officers, employees, agents, attorneys, or other representatives of the Debtors or any of their affiliates in connection with or arising out of any proceedings, including those referenced in sections (a) and (b) above.