**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    Centric Brands Inc., *et al.*,[1]<br><br>                                    Debtors. | Chapter 11<br><br>Case No. 20-22637 (SHL)<br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER**
**REGARDING MOTION TO LIFT AUTOMATIC STAY**

Upon the *Motion of Adriana Joseph for Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d)(1) and (2) to Allow Continuation of State Court Action to Limits of Insurance Proceeds, if Any, Relating to Litigation Entitled Adriana Joseph, Plaintiff, -Against- Innovo Group, Inc., et. al.* [Docket No. 663] (the "Motion") for entry of an order granting relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) and to allow Adriana Joseph (the "Plaintiff") to proceed with her pending litigation against, among other parties, Innovo Group, Inc., Joe's Jeans, Inc., and Joe Dahan ("Dahan"), Defendants, in Case No. 102516/07 (Supreme Court, State of New York) (the "State Court Action"), as more fully set forth in the Motion; and upon the consensual resolution of the Motion among the Plaintiff and the above-captioned debtors and debtors in possession (the "Debtors") embodied in this stipulation

---

[1] The Debtors in these chapter 11 cases, for which joint administration has been granted, along with the last four digits of their federal tax identification numbers, are as follows: Centric Brands Inc. (8178); Added Extras LLC (5851); American Marketing Enterprises Inc. (9672); Briefly Stated Holdings, Inc. (9890); Briefly Stated Inc. (6765); Centric Bebe LLC (2263); Centric Brands Holding LLC (3107); DBG Holdings Subsidiary Inc. (4795); DBG Subsidiary Inc. (6315); DFBG Swims, LLC (8035); F&T Apparel LLC (9183); Centric Accessories Group LLC (3904); Centric Beauty LLC (8044); Centric Denim Retail LLC (1013); Centric Denim USA, LLC (9608); Centric Jewelry Inc. (6431); Centric Socks LLC (2887); Centric West LLC (3064); Centric-BCBG LLC (5700); Centric-BCBG Retail LLC (4915); HC Acquisition Holdings, Inc. (4381); Hudson Clothing, LLC (2491); Hudson Clothing Holdings, Inc. (4298); Innovo West Sales, Inc. (8471); KHQ Athletics LLC (7413); KHQ Investment LLC (0014); Lotta Luv Beauty LLC (0202); Marco Brunelli IP, LLC (0227); RG Parent LLC (4002); RGH Group LLC (9853); Robert Graham Designs, LLC (1207); Robert Graham Holdings, LLC (0213); Robert Graham Retail LLC (7152); Rosetti Handbags and Accessories, Ltd. (2905); and VZI Investment Corp. (5233).

and agreed order (this "Stipulation and Order"); and the Court having considered the Motion and this Stipulation and Order; it is HEREBY ORDERED THAT:

1.    As of the date of entry of this Stipulation and Order by the Court, for the limited and sole purpose of allowing the Plaintiff to proceed with the State Court Action, provided, however, that the State Court Action shall only proceed as to Innovo Group, Inc. and Joe's Jeans, Inc. (or any of the Debtors or non-Debtor affiliates other than Dahan) to the extent that third-party non-Debtor insurance carriers (the "Third Party Insurers") continue to defend Innovo Group, Inc. and Joe's Jeans, Inc. (or any of the Debtors or non-Debtor affiliates other than Dahan) in the State Court Action; provided, further, that any refusal by the Third Party Insurers to defend Innovo Group, Inc. and Joe's Jeans, Inc. (or any of the Debtors or non-Debtor affiliates other than Dahan) in the State Court Action at any time, shall result in an immediate stay of the State Court Action under section 524(a)(2) of title 11 of the United States Code (the "Bankruptcy Code") as to Innovo Group, Inc. and Joe's Jeans, Inc. (or any of the Debtors or non-Debtor affiliates other than Dahan), if applicable, and the application of the discharge set forth in Article VIII of the *Fifth Amended Joint Chapter 11 Plan of Reorganization of Centric Brands Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 657, Exhibit 1] (the "Plan") in accordance with section 1141(d) of the Bankruptcy Code and the injunctions set forth in Article VIII of the Plan. For the avoidance of doubt, (a) the Debtors, their affiliates, and their estates, other than Dahan, shall not incur any litigation expenses and defense costs relating to the State Court Action, and (b) the Plaintiff agrees not to pursue any discovery against Innovo Group, Inc. and Joe's Jeans, Inc. or any other Debtor or non-Debtor affiliate other than Dahan if reasonable out-of-pocket costs and expenses are not covered and paid by the Third Party Insurers or the Plaintiff.

2. Any award, judgment, or settlement obtained by the Plaintiff against Innovo Group, Inc. and Joe's Jeans, Inc. (or any of the Debtors or non-Debtor affiliates other than Dahan) in the State Court Action, shall be satisfied solely from the Third Party Insurers or the proceeds of the Debtors' applicable insurance policies (if any), and not from or by Innovo Group, Inc. and Joe's Jeans, Inc. or any of the other Debtors or non-Debtor affiliates, other than Dahan. For the avoidance of doubt, notwithstanding anything to the contrary and regardless of any liability of Innovo Group, Inc. and Joe's Jeans, Inc. or the other Debtors established in the State Court Action, the Debtors shall not make, nor shall they incur any obligation (including any obligation to pay any deductible or self-insured retention) to make, any payments in respect of or on account of any award, judgment, or settlement of claims asserted by the Plaintiff.

3. As contemplated in paragraph 2 hereof, if at any time the Debtors are notified that the costs of defending Innovo Group, Inc. and Joe's Jeans, Inc. (or any of the Debtors or non-Debtor affiliates other than Dahan) in the State Court Action or any other costs arising from or related to the State Court Action will not be covered by the Third Party Insurers, or if the Plaintiff takes action to recover any award, judgment, or settlement against the Debtors, the State Court Action shall be deemed stayed as to Innovo Group, Inc. and Joe's Jeans, Inc. (or any of the Debtors or non-Debtor affiliates other than Dahan) pursuant to section 524 of the Bankruptcy Code and the discharge and injunction provisions set forth in Article VIII of the Plan.

4. The Plaintiff's right to recover any award, judgment, or settlement from Innovo Group, Inc. and Joe's Jeans, Inc. or any of the other Debtors or non-Debtor affiliates or any of their estates other than Dahan are deemed waived and released by the Plaintiff to the extent not covered by insurance.

5. For the avoidance of doubt, and notwithstanding anything contained in this Stipulation to the contrary, Plaintiff in no way waives, releases, modifies, limits or otherwise compromises any claim(s) she has against Dahan in the State Court Action.

6. The Plaintiff shall not be entitled to receive any distribution under the Plan on account of any claim they may have by reason of the State Court Action or any events at issue in or related to the State Court Action.

7. The Plaintiff's claims will be liquidated only in the State Court Action, and the Plaintiff will be deemed to have withdrawn her proof(s) of claim with prejudice effective upon entry of this Stipulation and Order becoming final and non-appealable. The Plaintiff waives all rights to re-file the proofs of claim or to file any additional claims related to or derived from the State Court Action or any of the claims asserted or that could have been asserted therein.

8. Nothing herein shall be construed or deemed to constitute an admission of liability by Innovo Group, Inc. and Joe's Jeans, Inc. (or any other Debtor or non-Debtor affiliate) in the State Court Action.

9. Notwithstanding the relief granted in this Stipulation and Order and any actions taken pursuant to such relief, nothing in this Stipulation and Order shall be deemed: (a) an admission or finding as to the validity of any claim against a Debtor entity; (b) a waiver of the right of the Debtors to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Stipulation and Order; or (e) a waiver of the rights of the Debtors under the Bankruptcy Code or any other applicable law.

10. This Stipulation and Order contains the entire agreement by and between the parties with respect to the subject matter hereof.

11. By their signature hereto, each of the undersigned (a) represents that it has been duly authorized to enter into this Stipulation and Order, and (b) requests that the Bankruptcy Court approve this Stipulation and Order as an Order of the Bankruptcy Court.

12. This Stipulation and Order may be executed in multiple counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

13. This Stipulation and Order will be effective upon approval by the Bankruptcy Court.

14. This Stipulation and Order may not be modified other than by a signed writing executed by the parties hereto and by further order of the Court.

15. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Order.

| ROPES & GRAY LLP | DAVIDOFF HUTCHER & CITRON, LLP |
|---|---|
| */s/ Gregg M. Galardi* | */s/ Jonathan S. Pasternak* |
| Gregg M. Galardi | Jonathan S. Pasternak |
| Cristine Pirro Schwarzman | James B. Glucksman |
| Daniel G. Egan | 605 Third Avenue |
| Emily Kehoe | New York, New York 10158 |
| 1211 Avenue of the Americas | Telephone: (212) 557-7200 |
| New York, New York 10036 | |
| Telephone: (212) 596-9000 | *Attorneys for Adriana Joseph* |
| *Counsel to the Debtors and Debtors in Possession* | |

**IT IS SO ORDERED.**

New York, New York
Dated: October 29, 2020

*/s/ Sean H. Lane*
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE