**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

In re:                                                                    Chapter 11

Centric Brands, Inc.,                                          Case No. 20-22637 (SHL)

                              Debtor.                          (Confirmed)

-------------------------------------------------------------x

## MEMORANDUM OF DECISION AND ORDER

Before the Court is a motion filed *pro se* by Alicia Allen in the above captioned case of

Centric Brands, Inc. (the "Reorganized Debtor" or the "Debtor"). *See* Objection of Alicia Allen,

dated March 26, 2022 [ECF No. 1061] (the "Reconsideration Motion").[1]  The Reconsideration

Motion seeks the reconsideration of this Court's prior Memorandum of Decision in *In re Centric*

*Brands, Inc.*, 2022 WL 884191 (Bankr. S.D.N.Y. Mar. 25, 2022).  For the reasons set forth

below, the Reconsideration Motion is denied.

## DISCUSSION

Familiarity with the underlying facts of this matter is presumed, including with this

Court's prior Memorandum of Decision granting the Debtor's Objections to proofs of claim filed

by Ms. Allen.  *See generally In re Centric Brands, Inc.*, 2022 WL 884191.  After the Court

entered that Memorandum of Decision on March 25, 2022, Ms. Allen filed her Reconsideration

Motion by email to the Court on March 26, 2022.  *See* Reconsideration Motion.  Ms. Allen

subsequently filed a Notice of Appeal with the District Court on March 28, 2022.  *See* Notice of

Appeal [ECF No. 1062].  The Court "retains jurisdiction to decide [the Reconsideration Motion],

despite the subsequent filing of a notice of appeal."  *In re Livecchi*, 2014 WL 7013463, at *3

(Bankr. W.D.N.Y. Dec. 11, 2014) (citing *In re Evans,* AP No. 05–03017 at *3 (Bankr. N.D. Fla.

---

[1]      Unless otherwise indicated, references to the Case Management/Electronic Case Filing ("ECF") docket are
to Case No. 20-22637.

2006) and 10 COLLIER ON BANKRUPTCY ¶ 8002.08 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)); *see also In re Actrade Fin. Techs. Ltd.*, 2009 Bankr. LEXIS 890, at *10 n.4 (Bankr. S.D.N.Y. Apr. 13, 2009) (retaining jurisdiction under Rule 8002(b) when the motion for reconsideration and the notice of appeal were filed concurrently). As in *Livecchi*, Ms. Allen filed her Notice of Appeal after she filed her Reconsideration Motion, and Federal Rule of Bankruptcy Procedure 8002(b), "an adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure, suspends the time limits for appeals, where a timely motion is brought under Rule 9023 FRBP or Rule 9024 FRBP." *In re Livecchi*, 2014 WL 7013463, at *3 (citing Fed. R. Bankr. P. 8002(b)(2), (3), and (4)). "Consequently, the appeal is merely suspended until the [Reconsideration Motion] is decided by this Court." *Id.*

## A. **Reconsideration**

The Reconsideration Motion seeks relief under Rule 9023 of the Federal Rules of Bankruptcy Procedure, which makes Rule 59(e) of the Federal Rules of Civil Procedure applicable to cases under the Bankruptcy Code. *See* Fed. R. Bankr. P. 9023. Rule 59(e) authorizes the filing of a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Wendy's Int'l, Inc. v. Nu–Cape Construction, Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996)). The burden rests with the movant. *See In re Crozier Bros., Inc.*, 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986). The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally be denied. . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.

1995)).  "A motion to amend the judgment will be granted only if the movant presents matters or controlling decisions which the court overlooked that might have materially influenced its earlier decision."  *In Design v. Lauren Knitwear Corp.*, 1992 U.S. Dist. LEXIS 2203, at *3 (S.D.N.Y. Feb. 24, 1992) (citing *Morser v. AT & T Information Systems*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989); *Travelers Insurance Co. v. Buffalo Reinsurance Co.*, 739 F. Supp. 209, 211 (S.D.N.Y. 1990)).

A motion under Rule 59(e) "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."  *Kim v. Bryant*, 2021 U.S. Dist. LEXIS 165018, at *2 (S.D.N.Y. Aug. 27, 2021) (quoting *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000)).  Such a request for relief "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Tonga Partners*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)).  Nor is it "an opportunity for a party to 'plug[ ] the gaps of a lost motion with additional matters.'"  *Cruz v. Barnhart*, 2006 U.S. Dist. LEXIS 8368, at *4 (S.D.N.Y. Mar. 7, 2006) (quoting *Carolco Pictures Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).  "Arguments raised for the first time on a motion for reconsideration are therefore untimely."  *Cruz*, 2006 U.S. Dist. LEXIS 8368, at *4 (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Cos., Inc.,* 265 F.3d 97, 115–16 (2d Cir. 2001)).  "[I]t is improper for the movant to present new material 'because[,] by definition[,] material that has not been previously presented cannot have been previously 'overlooked' by the court.'"  *In Design*, 1992 U.S. Dist. LEXIS 2203, at *3 (quoting *Consolidated Gold Fields, PLC v. Anglo Am. Corp. of South Africa Ltd.,* 713 F. Supp. 1457, 1476 (S.D.N.Y. 1989)).

3

In seeking reconsideration of the Court's prior Memorandum of Decision, Ms. Allen essentially argues that the Court did not address all the issues before it and that the Court misinterpreted facts and evidence in the record. *See* Reconsideration Motion at 1–4. These arguments are without merit. First, Ms. Allen argues that the Court failed to address her claim that she was illegally terminated. *Id.* at 1. But as the Court found in the Memorandum of Decision, Ms. Allen executed the Separation Agreement waiving such claims knowingly and voluntarily, and her arguments that she signed the Separation Agreement under duress or fraudulent inducement lacked merit. *See In re Centric Brands, Inc.*, 2022 WL 884191, at *9–11. Second, Ms. Allen correctly notes that the email she submitted as evidence to the Court—which showed the Debtor's Human Resources personnel encouraging her to seek medical attention— was sent to her after she signed the Separation Agreement. However, this email—and the timing of this email—was not a dispositive factor in the Court's Memorandum of Decision. Rather, the Court cited the email to provide context to the overall tone of the emails between Ms. Allen and the Debtor's HR personnel. *See id.* at 10. Based on the emails and this additional context, the Court concluded that "[t]here is no evidence here that [the Debtor] used high pressure or deceptive tactics; nor is there any evidence of a wrongful threat . . . [;] at all times, [Ms. Allen] was free to reject the terms of the agreement, which [s]he did not." *Id.* (internal quotations and citation omitted). Third, Ms. Allen seems to assert that the Court mistakenly stated that she received FMLA benefits, but the Court simply noted that HR personnel were responsive in her requests to take leave under the FMLA, not that she received these benefits. *Id.* Finally, as discussed in the prior Memorandum of Decision, Ms. Allen's contention that she gave names, dates, and locations as to when false promises were made aimed at fraudulently inducing her to sign the Separation Agreement is also without merit. The emails that Ms. Allen submitted as

evidence of these alleged false promises demonstrate only that the Debtor's HR personnel were responsive to Ms. Allen's queries and are insufficient to "allege facts that give rise to a strong inference of fraudulent intent." *Id.* at 11 (quoting *McCormack v. IBM*, 145 F. Supp. 3d 258, 268–69 (S.D.N.Y. 2015)).

Accordingly, Ms. Allen has not met the burden necessary for reconsideration of the Court's Memorandum of Decision, and the Reconsideration Motion is therefore denied.

Given the filing of the Reconsideration Motion immediately after the Memorandum of Decision, the Court did not enter an order to memorialize the Court's Decision. With the Reconsideration Motion decided, the Court now turns to that task.

## B. Order Granting Reorganized Debtor's Objection to Proof of Claim Numbers 469 and 1382 Filed by Alicia Allen

Upon the objection (the "Objection")[2] of Centric Brands LLC, the successor to debtor Centric Brands Inc., (the "Reorganized Debtor"), for entry of an order (this "Order") reducing and allowing Claim No. 469 and disallowing and expunging Claim No. 1382 pursuant to sections 502(b) and 507 of the Bankruptcy Code, and rule 3007 of the Bankruptcy Rules as more fully set forth in the Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Objection having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Objection is in the best interests of the Reorganized Debtor, its estate, its creditors, and other parties in interest; and this

---

[2]    Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Objection.

Court having reviewed the Objection and having heard the statements in support of the relief requested therein at multiple hearings before this Court (the "Hearings"); and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearings establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor; and for the reasons set forth in the Court's prior Memorandum of Decision, *In re Centric Brands, Inc.*, 2022 WL 884191, it is HEREBY ORDERED THAT:

1.      The Decision entered on March 25, 2022 is adopted by this Order and incorporated herein by reference.

2.      The Allen Claims identified as Claim Nos. 469 and 1382 are reduced and allowed and disallowed and expunged, respectively, as follows:

    a.  Claim No. 469 is reduced by $5,806.72 and allowed as an unsecured priority claim in the gross amount of $5,330.35.

    b.  Claim No. 1382 is disallowed and expunged in its entirety.

3.      Pursuant to the terms of the Claimant's Severance Agreement, the Reorganized Debtor shall pay the balance of the Severance Amount for Claim No. 469, and is permitted, but is not required, to deduct withholding taxes, payments for social security, and other deductions from the allowed gross claim of $5,330.35.

4.      Prime Clerk LLC, the Reorganized Debtor's noticing and claims agent, is authorized to update the Claims Register to reflect the relief granted in this Order.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.       The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

7.       The Debtor shall serve a copy of this Memorandum of Decision and Order on Ms. Allen forthwith by overnight mail and email (if available) and file proof of such service on the Case Management/Electronic Case Filing Docket within three days of such service.

**IT IS SO ORDERED.**

Dated: April 15, 2022
     New York, New York

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE